Thiago M. Coelho, SBN 324715
thiago@wilshirelawfirm.com
Binyamin I. Manoucheri, SBN 336468
binyamin@wilshirelawfirm.com
**WILSHIRE LAW FIRM, PLC**
3055 Wilshire Blvd., 12th Floor
Los Angeles, California 90010
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATALY MORALES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>K. CHOCOLATIER INC. d/b/a DIANE KRON CHOCOLATIER, a California corporation; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-08522-ODW-SHK<br><br>CLASS ACTION<br><br>*Hon. Judge Otis D. Wright II*<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO AND REQUEST TO STRIKE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: August 22, 2022<br>Time: 1:30 p.m.<br>Place: Courtroom 5D, 5th floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This matter is before the Court as a result of Defense counsel, Stephen Abraham's ("Mr. Abraham"), attempt to use gamesmanship to avoid a hearing on Plaintiff's Motion for Class Certification ("Motion") on the merits.

On Wednesday, July 20, 2022, Mr. Abraham filed an objection and request to strike Plaintiff's Motion for failure to comply with Local Rule ("L.R.") 7-3. Dkt. 21. Mr. Abraham alleges counsel for Plaintiff, Binyamin I. Manoucheri ("Mr. Manoucheri"), intentionally failed to comply with L.R. 7-3 and manufactured demonstrably false statements and requests for Plaintiff's Motion to be stricken or denied. *Id.*, at 9:3-7. Contrary to Mr. Abraham's allegations of intentionality and assertion of demonstrably false statements, Mr. Manoucheri's actions resulted from mistake in not ensuring that the L.R. 7-3 was calendared. *See* Declaration of Binyamin I. Manoucheri ("Manoucheri Decl."), ¶¶ 2-3, 20-22. In addition, Mr. Manoucheri did not and would not make false statements to the Court. *Id.* at 20-22

Mr. Manoucheri respectfully requests that the Court not strike Plaintiff's Motion due to his mistake in not ensuring that the L.R. conference was calendared and hear Plaintiff's Motion on the merits. Respectfully, the *putative* Class Members should not be prejudice as a result of Mr. Manoucheri's error in ensuring that L.R. 7-3 was properly calendared.

## II. RELEVANT FACTS

On July 19, 2022, Mr. Manoucheri contacted Mr. Abraham expressly under the guise of L.R. 7-3 regarding Plaintiff's Motion which was due to be filed on that date. Manoucheri Decl., ¶ 3. Accordingly, counsel did not have a conversation regarding the merits and demerits of Plaintiff's Motion expressly under the guise of a L.R. 7-3 conference seven days prior to filing of the Motion. *Id.*, at ¶ 2.

On July 19, 2022, Mr. Manoucheri was reminded by a paralegal from another department, who was helping him file the Motion, of the requirement of counsel to

meet pursuant to L.R. 7-3. *Id.*, ¶ 3. Thereafter, Mr. Manoucheri immediately sought to undoubtedly satisfy the requirement and initiated a telephone call with Mr. Abraham. *Id*.

At the outset of the call Mr. Abraham and Mr. Manoucheri were discussing the merits and the demerits of the Motion, and Mr. Abraham expressly stated that he was in possession of each of Wilshire Law Firm's previous motions for class certification filings for its cases alleging violations of the Americans with Disabilities Act of 1990 ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). *Id.*, at ¶ 10. Mr. Manoucheri informed Mr. Abraham that Plaintiff's Motion would be argued similarly both factually and legally to previous filed motions, and the parties engaged in a discussion of the requirements for class certification.

However, when Mr. Abraham became aware of the timing requirement of L.R. 7-3, Mr. Abraham became adamant that he was ambushed and insufficiently informed to have a substantive conversation on the merits, despite having a well-informed, substantive conversation right beforehand and on other occasions. *Id.*, at ¶ 14.

Mr. Abraham then asked Mr. Manoucheri to send him an outline of the factual and legal arguments supporting Plaintiff's Motion, which Mr. Manoucheri provided to him. *Id.*, at ¶ 17. Mr. Abraham also refused to agree to stipulate to a slight extension of the briefing schedule so that the parties could unquestionably comply with L.R. 7-3 and avoid Plaintiff's Motion potentially being stricken on a technicality. *Id.*, at ¶ 19. Thereafter, Mr. Abraham warned Mr. Manoucheri to be careful about what to put in the notice section of the Motion regarding the parties' conference efforts pursuant to L.R. 7-3, stated that he would arrange an evidentiary hearing, and summarily hung up the phone. *Id*.

In response to Mr. Manoucheri's email with the outline of the Motion attached, Mr. Abraham said that he would like to further discuss the matter, but Mr. Abraham failed to respond to Mr. Manoucheri's email seeking a time and date to do so. *Id.*

Mr. Manoucheri also spoke with Mr. Abraham about the requirements for class

certification on March 1, 2022, June 23, 2022, and July 18, 2022—although admittedly not expressly under the guise of L.R. 7-3. *Id.* at ¶ 5. During each of these conversations, Mr. Abraham was adamant that this matter was inappropriate for class certification for the same reasons as stated on the July 19, 2022, conference. *Id.* at ¶ 11.

During the March 1, 2022, telephone call, which took place to satisfy the parties' obligations pursuant to Fed. R. Civ. P. 26(f), Mr. Manoucheri made clear that Plaintiff required the number of website visitors to Defendant's website in order to argue numerosity for Plaintiff's motion for class certification motion, and Mr. Abraham adamantly argued that numerosity could not be satisfied. *Id.* at ¶¶ 6-7.

In the same vein, the Parties again spoke on the telephone on June 23, 2022, to resolve a discovery dispute about Plaintiff's Request for Production No. 27, which sought: "ALL DOCUMENTS sufficient to show the number of visitors, or aggregate visits, to YOUR WEBSITE from 2018 to present" and Mr. Manoucheri again imparted the relevance of the requested information and how Plaintiff would use the information to argue numerosity in her Motion. *Id.*, at ¶ 8.

Thereafter, the Parties again spoke on July 18, 2022, albeit under the guise of another case which counsel are opposed, which eventuated in the parties again speaking about the requirements for class certification for the instant action. *Id.*, at ¶ 9.

Over the course of counsel's numerous calls, the parties discussed the requirements for numerosity, typicality, and commonality. *See* Fed. R. Civ. P. 23(a). *Id.*, at ¶ 11. As to numerosity, Mr. Abraham argued that numerosity was not satisfied because of the size of the Defendant, and the method that Plaintiff would use to argue that numerosity was met. *Id.*, at ¶ 12. For example, Mr. Abraham claimed that the statistical analysis that Plaintiff would use from the data subset was not sufficient. *Id.* As to both typicality and commonality, Mr. Abraham argued typicality and commonality could not be satisfied because a host of factors such as the screen-reader

used, the version of the screen-reader used, the web browser employed, knowledge of how to use screen-readers, and the date of access by *putative* class members, which created individualized issues. *Id*., at ¶ 13. Plaintiff argued that the claims were typical, and commonality was met because each *putative* class member encountered a similarly deficiently coded website. *Id*.

It is on these facts that Mr. Manoucheri believes that the parties did timely comply with L.R. 7-3 and the requirement of having a substantive conversation regarding the merits. Moreover, it is also on these facts which Mr. Manoucheri believes that Mr. Abraham was armed with sufficient information to have a substantive conversation under L.R. 7-3 on July 19, 2022. *Id*., at ¶ 13.

At no point in time did Mr. Manoucheri ever intend to mislead the Court or Mr. Abraham, including Mr. Manoucheri's initiation of the L.R. 7-3 conference on July 19, 2022, and his statements to the Court regarding the requirements of L.R. 7-3 in the notice section of the Motion. *Id*., at ¶¶ 20-22.

### III.   LEGAL STANDARD

The Purpose of L.R. 7-3 is to attempt to resolve the issues necessitating motion practice. C.D. Cal. L.R. 7-3. It is within the Court's discretion to refuse to consider a motion based on a party's noncompliance with Local Rule 7-3. *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015). However, failure to comply with the Local Rules does not automatically require the denial of a party's motion, particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply. *See ECASH Techs., Inc. v. Guagliardo*, 35 Fed.Appx. 498, 500 (9th Cir. 2002) ("The Central District of California's local rules do not require dismissal of appellee's motions for failure to satisfy the meet-and-confer requirements" (citations omitted)); *Brodie v. Board of Trustees of California State University*, No. CV 12–07690 DDP (AGRx), 2013 WL 4536242, *1 (C.D. Cal. Aug. 27, 2013) (considering the merits of a motion despite counsel's failure to comply with Local Rule 7–3); *Williams–Ilunga v. Gonzalez,* No.

CV 12–08592 DDP (AJWx), 2013 WL 571795, *4 (C.D. Cal. Feb. 13, 2013) (same); *Reed v. Sandstone Properties, L.P.,* No. CV 12005021 MMM (VBKx), 2013 WL 1344912, *6 (C.D. Cal. Apr. 2, 2013) (same).

In fact, in *ECASH Techs., Inc.*, the Ninth Circuit rejected the appellant's appeal to overturn the district court's decision granting the appellee's motion to dismiss and motion to strike, on the grounds that the appellee did not meet and confer prior to the filing of those motions and noted, "even if the parties had not met and conferred on July 11, 2000, appellant had received sufficient information to put him on notice of the grounds for appellee's renewed motion to dismiss and motion to strike through appellee's original, and nearly identical, motions to dismiss and strike filed on June 22, 2000." 35 Fed.Appx. at 500.

### IV.　ARGUMENT

#### A. The Court Should Find that Plaintiff Satisfied L.R. 7-3 Upon a Comprehensive Look at the Parties Discussions *in toto*.

Here, a comprehensive look at the totality of the parties' discussions in this matter, despite the conversations not being expressly had under the guise of L.R. 7-3, should lead the Court to conclude that Plaintiff satisfied the requirement of L.R. 7-3 to discuss the substance of the contemplated motion.

In all, the parties had four conversations regarding the merits and demerits of class certification, on March 1, 2022, June 23, 2033, July 18, 2022, and July 19, 2022. During those conversations the parties spoke substantively about the requirements of Fed. R. Civ. P. 23(a) and the parties' arguments as to whether Plaintiff could satisfactorily meet them. Moreover, those conversations left Mr. Manoucheri with a resounding impression that the matter could not be resolved without the need for motion practice. Nor could the issues be narrowed without the need for motion practice. Thus, the purpose of L.R. 7-3 was fulfilled because the parties attempted but failed to resolve the issues necessitating motion practice.

///

## B. The Court Should Find Defendant Received Sufficient Information to Put It on Notice of the Grounds for Plaintiff's Motion through its Admitted Receipt of Every Motion for Class Certification which Wilshire Law Firm Filed for its Cases Alleging Violations of the ADA and the Unruh Act.

The Court, akin to the *ECASH Techs., Inc.* court, should find that L.R. 7-3 was satisfied even if the parties did not timely confer because Defendant received sufficient information about the substance of Plaintiff's Motion by July 19, 2022—when Mr. Manoucheri expressly contacted Mr. Abraham pursuant to L.R. 7-3—through Mr. Abraham's admitted receipt of *every* motion for class certification which Wilshire Law Firm filed for its cases alleging violations of the ADA and the Unruh Act. Although this case differs from *ECASH Techs., Inc.* in that the previous motions which Plaintiff argues provides Defendant notice were not filed in the present case, the fact that the previous motions are nearly identical to the present Motion save for the inclusion of facts pertinent to Defendant which Mr. Abraham has a strong grasp one, should countenance towards a finding by the Court that L.R. 7-3 was complied with.

Respectfully, Mr. Abraham had sufficient information to have a substantive conversation, but he adamantly refused to do so instead trying to win through gamesmanship rather than on the merits. The Court should not award Defendant for these unsavory, bad faith tactics.

## C. The Court Should Elect to Consider the Motion on the Merits Because the Violation Did Not Cause Defendant to Suffer Real Prejudice.

In *Brodie*, the court refused to deny the plaintiff's motion because she failed to meet and confer before filing of plaintiff's motion pursuant to L.R. 7-3. 2013 WL 4536242, at *1. The court reasoned that defendant did "not argue that Plaintiff's violation of Rule 7-3 caused it prejudice and extrapolated that "Because [defendant] suffered no real prejudice … the court elects to consider the motion on the merits." *Id*. (citing *Reed,* 2013 WL 1344912, *6).

///

So too, here, Defendant has not argued that Plaintiff's failure to comply with L.R. 7-3 caused it prejudice—supporting a finding by the Court that Defendant was not prejudiced and a finding that Plaintiff's Motion should be heard on the merits. *See Wilson–Condon v. Allstate Indem. Co.*, No. CV 11–05538 GAF (PLAx), 2011 WL 3439262 at *1 (C.D. Cal. Aug. 4, 2011) ("Nonetheless, Allstate does not appear to have suffered any prejudice from Plaintiff's failure to meet and confer sufficiently in advance.... Thus, it appears that no prejudice will result if the Court considers the motion to remand on the merits notwithstanding Plaintiff's failure to comply with Local Rule 7–3"); *see also Thomas v. U.S. Foods, Inc.,* No. 8:12–cv–1221–JST (JEMx), 2012 WL 5634847, *1 n. 1 (C.D. Cal. Nov. 14, 2012) ("[T]he Court will consider the merits of Plaintiff's motion. However, the Court notes the seriousness of Plaintiff's failure to follow the Local Rules, and cautions Plaintiff to comply with Local Rule 7–3 in the filing of any future motions").

## V.     CONCLUSION

Respectfully, for the aforementioned reasons, the Court should consider the merits of Plaintiff's Motion.

Dated: August 8, 2022                                   **WILSHIRE LAW FIRM**

By: /s/ *Binyamin I. Manoucheri*
    Thiago M. Coelho
    Binyamin I. Manoucheri
    *Attorneys for Plaintiff and Proposed Class*