O

# United States District Court
# Central District of California

NATALY MORALES,

    Plaintiff,

v.

K. CHOCOLATIER INC.,

    Defendant.

Case № 2:21-cv-08522-ODW (SKHx)

**ORDER GRANTING MOTION TO STRIKE [21] AND STRIKING MOTION FOR CLASS CERTIFICATION [20]**

## I.  INTRODUCTION

In this matter brought pursuant to the Americans with Disabilities Act ("ADA"), Plaintiff Nataly Morales moved for class certification, but Morales's attorneys did not engage in a conference of counsel as required by Central District of California Local Rule 7-3 until the very last day for filing such motions.  (Mot. Class Certification, ECF No. 20.)  Based thereupon, Defendant K. Chocolatier Inc. asks the Court to strike Morales's class certification motion.  (Notice Mot. Strike, ECF No. 21.)  After setting a briefing schedule on the matter and carefully reviewing the parties' papers, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS** K. Chocolatier's request and **STRIKES** Morales's class certification motion.

## II. BACKGROUND

Morales is visually impaired and uses a screen-reader to navigate the internet. (Compl. ¶ 25, ECF No. 1.) K. Chocolatier is a business that sells chocolates and other gifts on its website. (*Id.* ¶ 23.)

On multiple occasions, Morales visited K. Chocolatier's website and encountered access barriers that prevented them[1] from fully enjoying and using the website. (*Id.* ¶ 27.) The primary barrier Morales encountered was a lack of "alt-text" on the images and links on the website. (*Id.*) Alt-text is invisible code embedded beneath a graphic or image on a website that is read to a user by a screen-reader. (*Id.*) The lack of alt-text on graphics and images prevents screen-readers from accurately vocalizing a description of the image or graphic. (*Id.*)

On October 27, 2021, Morales filed the operative Complaint, asserting claims for violations of the ADA and the California Unruh Civil Rights Act. (*See* Compl. ¶¶ 55–68.) After K. Chocolatier answered, the Court issued a Scheduling and Case Management Order, setting July 19, 2022, as the deadline to move for class certification. (Scheduling & Case Management Order 24, ECF No. 16.)

The record indicates that between early March 2022 and July 17, 2022, counsel for both sides spoke on the phone at least twice. (Decl. Stephen Abraham ISO Mot. Strike ("Abraham Decl.") ¶ 31, ECF No. 21-1; Decl. Binyamin Manoucheri ISO Opp'n Mot. Strike ("Manoucheri Decl.") ¶ 5, ECF No. 23-1.) The subjects of these phone calls were the joint Rule 26(f) Report and the parties' discovery requests and responses. (Manoucheri Decl. ¶¶ 6–8.) There is a factual and evidentiary dispute over whether counsel also spoke on the phone on July 18, 2022, (*compare* Mot. Strike 4, ECF No. 21 *with* Opp'n Mot. Strike ("Opp'n") 3, ECF No. 23); regardless, to the extent the July 18 phone call took place, no party suggests the call constituted a Local Rule 7-3 conference of counsel during which Morales's impending class certification

---

[1] Given that the record lacks an express indication of Morales's gender, the Court uses gender-neutral pronouns in referring to Morales.

motion was expressly discussed. (Opp'n 3; Reply ISO Mot. Strike ("Reply") 2, ECF No. 24.)

Moreover, during this same time period, Morales's lawyers, Binyamin Manoucheri and Thiago Coelho, sent Defendant's counsel, Stephen Abraham, a total of twenty-three emails. (Abraham Decl. ¶¶ 33–39.) The subjects of these emails were various, but no party asserts that any of these emails constituted a conference of counsel held in compliance with Local Rule 7-3. (Mot. Strike 5; Opp'n 2–4.)

On July 19, 2022, at 1:53 p.m., Morales's counsel, Manoucheri, called Defendant's counsel, Abraham, and counsel spoke for eleven minutes about Morales's intent to move for class certification. (Abraham Decl. ¶ 3; Manoucheri Decl. ¶¶ 10–14.) Manoucheri did not precede the call with email notice or any other request to speak about a particular subject. (Abraham Decl. ¶ 4.) Moreover, although counsel had previously discussed some of the issues related to class certification that arose during discovery, prior to this call Manoucheri never expressly informed Abraham of Morales's intention to file a class certification motion. (*See id.* ¶ 9.)

During the July 19 call, Manoucheri acknowledged that Morales's deadline to file a class certification motion was that very day. (*Id.* ¶ 5.) Abraham asked Manoucheri to send him an outline of the factual and legal arguments supporting the class certification motion, which Manoucheri sent Abraham a couple hours after the call. (Manoucheri Decl. ¶ 17, Ex. 3 ("July 19 Emails"), ECF No. 23-4.) Manoucheri asked Abraham to stipulate to an extension of the briefing schedule so that the parties could comply with the Local Rule 7-3 conference of counsel requirement. (*Id.* ¶ 19.) Abraham refused. (*Id.*)

On July 19, 2022, at 11:41 PM, Morales filed a Motion for Class Certification. In the Motion, Morales estimates that there are 566 class members residing in California. (Mot. Class Certification 10.) Morales asserts that each class member is entitled to a $4,000 statutory penalty pursuant to the Unruh Act. (*Id.* at 19; *see*

1 | Compl., Prayer for Relief ¶ C.)  Thus, using Morales's estimations, the putative class members seek to recover approximately $2,264,000 in statutory penalties.

The next day, K. Chocolatier filed an Objection to Morales's Motion for Class Certification, arguing that Morales failed to satisfy the conference of counsel requirement of Local Rule 7-3.  The Court deemed the Objection a Motion to Strike and set a briefing schedule.  The matter is now fully briefed.

### III.  LEGAL STANDARD

Local rules are the "laws of the United States," and are valid unless inconsistent with the Federal Rules of Civil Procedure. *Marshall v. Gates*, 44 F.3d 722, 724 (9th Cir. 1995).  Central District of California Local Rule 7-3 requires counsel or parties contemplating motion practice to "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."  C.D. Cal. L.R. 7-3.  The conference must take place at least seven days before the motion is filed. *Id.*  The purpose of Local Rule 7-3 is to require counsel to make a good-faith attempt to informally resolve the issues necessitating motion practice. *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015).

"Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion." *Tri-Valley CAREs v. U.S. Dept. of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) (citing *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010)).  In particular, it is within the court's discretion to refuse to consider a motion based on a party's noncompliance with Local Rule 7-3. *CarMax*, 94 F. Supp. 3d at 1088.

### IV.  DISCUSSION

The exact nature of Morales's opposition to K. Chocolatier's Motion to Strike is unclear.  In one breath, Morales admits that their attorneys' "actions resulted from mistake in not ensuring that the L.R. 7-3 [sic] was calendared." (Opp'n 1.)  Morales further admits that their attorneys "did not have a conversation regarding the merits

and demerits of Plaintiff's Motion expressly under the guise of a L.R. 7-3 conference seven days prior to filing of the Motion." (*Id.*) Morales admits their attorneys made a mistake in not having calendared the class certification motion deadline. (Manoucheri Decl. ¶¶ 2–4.) These admissions regarding counsel's failure to comply with Local Rule 7-3 are not ambiguous.

In the next breath, however, Morales attempts to refute their own admission that a Local Rule 7-3 conference did not take place by stringing together a series of prior events and asserting that they amount to a Local Rule 7-3 conference. (*See, e.g.*, Opp'n 3 ("Over the course of counsel's numerous calls, the parties discussed the requirements for numerosity, typicality, and commonality.").) Morales asserts that a series of conversations of counsel that touch on the topic of class certification constitute a valid conference of counsel with respect to a class certification *motion*. (*Id.* at 5 ("[A] comprehensive look at the totality of the parties' discussions in this matter . . . should lead the Court to conclude that Plaintiff satisfied the requirement of L.R. 7-3.").)

The Court rejects this assertion. There is an obvious and significant difference between conferring on class discovery and conferring on a class certification motion. Class discovery does not imply that a class certification motion is imminent; a party might engage in class discovery and ultimately decide not to move forward with a class certification motion. Local Rule 7-3 recognizes this difference and entitles nonmovants to a separate meeting that is held in express anticipation of an upcoming motion. *See* C.D. Cal. L.R. 7-3 ("[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion."). To interpret Local Rule 7-3 as being satisfied merely because counsel at some point in the past spoke about some of the issues raised by a motion would be to defeat the spirit and purpose of the rule.

Morales argues that counsel's error did not cause K. Chocolatier any prejudice, and that the Court accordingly should not exercise its discretion to strike the Motion

for Class Certification. (Opp'n 6–7.) This argument is unavailing, as the prejudice K. Chocolatier suffered appears manifest. The lack of a timely conference deprived K. Chocolatier of two things: first, of the ability to substantively respond to Morales's arguments, which could have obviated the need for motion practice altogether or, at the very least, narrowed the issues; and second, of the ability to assess the impact of a bid for class certification on the value of the case and to make an appropriate settlement offer *before* the motion was filed.

Morales further argues that the putative class members would be prejudiced if the Court strikes the class certification motion. (*Id.* at 1.) This argument is likewise unavailing, as striking the motion would not constitute a determination on the merits as to any putative class member.

Finally, Morales argues that defense counsel was sufficiently aware of the issues raised by the class certification motion because counsel was in possession of *other* class certification motions filed by the Wilshire Law Firm against *other* defendants represented by the same defense counsel. (*Id.* at 6.) This argument has no basis in law, stands in opposition to good judicial and public policy, and is borderline frivolous.

Class counsel, as officers of the court, *U.S. v. Associated Convalescent Enters., Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985), and fiduciaries for putative class members, *see Staton v. Boeing Co.*, 327 F.3d 938, 960 (9th Cir. 2003), must scrupulously respect applicable rules, orders, and deadlines. This is all the more true when a case involves potentially millions of dollars of class action liability. Here, Morales's counsel expressly admits that a timely conference did not take place. Thus, the Court, in its sound discretion, grants K. Chocolatier's request and strikes Morales's Motion for Class Certification.

///

///

///

## V. CONCLUSION

For these reasons, K. Chocolatier's Motion to Strike is **GRANTED**. (ECF No. 21.) Morales's Motion for Class Certification is ordered **STRICKEN**, and the hearing on the Motion for Class Certification is **VACATED**. (ECF No. 20.)

**IT IS SO ORDERED.**

October 31, 2022

*/s/ Otis D. Wright, II*

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**